Appellate Department, Superior Court, Los Angeles.

[Crim. A. No. 1946. March 31, 1943.]

THE PEOPLE, Respondent, v. CARL WORST, Appellant.

Ralph W. Swagler for Appellant.

Ray L. Chesebro, City Attorney, W. Jos. McFarland, Assistant City Attorney, and Roger Arenbergh, Deputy City Attorney, for Respondent.

KINCAID, J. pro tem.—The defendant is charged with the violation of section 1071 of the Agricultural Code of California, in that he sold an economic poison, to wit, a growing bush which he represented was repellent to gophers, without having first obtained a license from the Department of Agriculture of California so to do. This section of the Agricultural Code is a part of division 5, chapter 7, article 3 of such code, dealing with the subject, "Economic poisons," and includes sections 1061 to 1079. Section 1061, subdivision (a), defines "Economic poisons" as including "any substance, or mixture of substances intended to be used for preventing, destroying, repelling, or mitigating any and all insects, fungi, bacteria, weeds, rodents, predatory animals or any other form of plant or animal life which is, or which the director may declare to be, a pest, which may infest or be detrimental to vegetation, man, animals or households, or be present in any environment whatsoever." Section 1071 provides generally that every manufacturer or dealer in economic poison shall first be required to obtain a license from the Department of Agriculture before such products are offered for sale; shall file names of brands and the correct name and percentage of each active ingredient and each inert ingredient contained therein; or in lieu of the latter

there may be delivered to the director a sample of not less than one pound of each economic poison desired to be registered. A violation of such provisions is made a penal offense.

The case was tried and is on appeal on a written stipulation of facts. From such stipulation, it is conceded that defendant has been engaged in the business of growing, advertising and selling plants or bushes for the represented purpose of repelling gophers through the natural underground root odors contained in such plant or bush; that the defendant in the course of growing and producing such bushes treated them with certain vitamins for the purpose of causing the roots to become larger than is usual to the bush in its normal condition; that said bush has never been registered as an economic poison nor has the Department of Agriculture ever issued a license to defendant under the above code provisions, and that the Bureau of Chemistry of California, by whom such code provisions are administered, has not taken jurisdiction of traps or devices used for the trapping of rodents. ▮ The sole question to be determined on this appeal is whether, by the production and sale of such bush, the defendant is producing and selling an economic poison within the purview of such Agricultural Code section.

Counsel for the prosecution contends that because a bush may be construed to be a "substance," as referred to in section 1061, subdivision (a), defining "economic poisons," and because it was represented that said bush would repel gophers, that it constitutes an economic poison. With this contention we cannot agree. This chapter on economic poisons must be read as a whole, rather than by individual sections, in order to properly ascertain what it was intended to cover. Such a study leads us to the conclusion that this law was never intended to, and does not, include a growing bush of the character here under consideration. The references therein to "preparations," "drugs," "chemicals," "in package form," "inert ingredients," "percentage of active and inert ingredients," "every separate lot, . . . sealed or closed container or package of economic poisons . . . [shall have attached to it a] label," "sales of economic poisons in any other than . . . sealed or closed container or package are prohibited," "the director shall take samples of economic poisons, make analyses or examination thereof," all indicate that a growing bush of the kind here in question was never intended to be included within these legal prohibitions. The active ingredient in the bush here

under consideration is an odor, and is produced by nature and not by chemicals or other artificial means, excepting so far as the introduction of vitamins thereto might tend to enlarge the roots and thereby enhance the root odor. The bush was never represented as being a poison, or as being physically injurious to the gopher, or to be eaten by him, but only as being so obnoxious to his sense of smell as to discourage his presence in the immediate vicinity. An odor is not even a "substance or mixture of substances." A gopher trap is a substance most surely, and it is produced and sold for the purpose of destroying gophers, yet it is conceded that no attempt has been made to assume jurisdiction over such traps under the economic poison law. It is argued that because defendant fed vitamins to the bush to develop its root growth, it is therefore chemically treated and thus becomes an economic poison. If this is true, as "weeds" are listed along with "rodents" in section 1061, one could not, without first complying with section 1071, grow a lawn clover, with the aid of a fertilizer, and sell it under the representation that it is more rugged than devil's grass and will prevent the growth of the latter when planted in a lawn. We cannot agree that this law was ever intended to be, or is, so inclusive.

The defendant, by his acts herein, has not violated the provisions of the laws with which he is charged and stands convicted.

The judgment of conviction is hereby reversed, and the cause is remanded to the municipal court, with directions to dismiss the complaint.

Shaw, P. J., and Fox, J., concurred.